JOURNAL ENTRY and OPINION
{¶ 1} Appellant, Reginald Pearson ("Pearson"), appeals the determination of the trial court, which classified him as a "sexual predator."
 {¶ 2} In 1988, a jury found Pearson guilty of four counts of rape, one count of attempted rape, five counts of kidnapping, one count of aggravated robbery, and one count of felonious assault in connection with crimes committed against four boys, whose ages ranged from 12 to 15. While serving his prison term for the crimes, the Ohio Department of Rehabilitation and Corrections recommended that Pearson be classified as a sexual predator. Upon the state's request, the trial court ordered Pearson to appear for a House Bill 180 sexual predator adjudication hearing and also scheduled Pearson for an examination by the court's psychiatric clinic.
 {¶ 3} At the sexual predator adjudication hearing on July 17, 2003, the state presented the following evidence: (1) Pearson was convicted of rape, attempted rape, kidnapping, aggravated robbery, and felonious assault for crimes committed in a 16-month period; (2) Pearson committed the crimes against four boys, ranging in age from 12 to 15; and (3) Pearson's pattern of behavior in committing the crimes involved lying in wait for the boys, either on their way to or from school, threatening the boys with a knife, and forcing them to lie down on their stomachs to perform anal sex on the boys or forcing the boys to perform oral sex on him. The state also presented evidence that Pearson was 20 years old when he committed the offenses, Pearson had a criminal history of receiving stolen property and felonious assault prior to committing the crimes on the four boys, Pearson committed the crimes on the four boys while on probation, Pearson had not committed prior sex offenses, Pearson did not use drugs or alcohol to impair the victims, and Pearson displayed cruelty to the four boys when he threatened them with a knife and even attacked one of the boys on two separate occasions.
 {¶ 4} In addition, the state introduced as exhibits the victims' statements, which consistently described the "lying in wait" pattern of behavior in committing the sex acts, Pearson's institutional record, which referenced violent acts committed by Pearson while in prison, and the psychiatric clinic evaluation, which diagnosed Pearson as a pedophile, showed that he failed to complete the sexual rehabilitation programming, and that he scored a "6" on the STATIC-99 test, placing him in the high-risk category of those likely to reoffend.
 {¶ 5} Pearson and his mother also testified at the sexual predator adjudication hearing. While Pearson testified that he feels remorse and guilt about the crimes he committed on the four boys, he explained that he was "messing with drugs real heavy" at that time and that he was being aggressive towards boys because he had been assaulted and anally raped by a stranger when he was seven or eight. Although Pearson expressed a desire to receive additional sexual rehabilitation, he stated that he did not complete all of his sexual rehabilitation programming because he and the director did not get along. Pearson also testified that he has been diagnosed with depression.
 {¶ 6} Pearson's mother testified that her son was a normal kid with typical problems and knew that he was trying drugs. She further testified that Pearson never told her about being assaulted when he was younger.
 {¶ 7} Based on the testimonies, the victims' statements, Pearson's institutional record, the psychiatric evaluation, and Pearson's prior criminal history, the trial court found that the state "met its burden" by clear and convincing evidence and classified Pearson as a sexual predator. Pearson now appeals and cites three assignments of error.
 I {¶ 8} For his first assignment of error, Pearson contends that the evidence is insufficient to prove by clear and convincing evidence that he is likely to engage in the future in one or more sexually oriented offenses. However, Pearson's contention is without merit.
 {¶ 9} A sexual predator, as defined in R.C. 2950.01(E)(1), includes:
 {¶ 10} "[A] person [who] has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 11} In order for the offender to be classified a sexual predator, the state must prove by "clear and convincing evidence that the offender has been convicted of a sexually oriented offense and that the offender is likely to engage in the future in one or more sexually oriented offenses." State v. Eppinger,91 Ohio St.3d 158, 163, 2001-Ohio-247, 743 N.E.2d 881 (emphasis in original). The trial court, in making this "weighty decision," must consider all relevant factors provided in R.C.2950.09(B)(3), including but not limited to the following:
 {¶ 12} "(a) The offender's or delinquent child's age;
 {¶ 13} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 14} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 15} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 16} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 17} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 18} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 19} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 20} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 21} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct." See, also, Eppinger, 91 Ohio St.3d at 164; State v. Price, Franklin App. No. 00AP-1434, 2001-Ohio-8874.
 {¶ 22} Here, the trial court stated on the record that, based on the victims' statements, Pearson's prior criminal history, Pearson's institutional record, and the psychiatric clinic's evaluation, it found by clear and convincing evidence that Pearson is a sexual predator. All of the factors pursuant to R.C.2950.09(B)(3) were addressed by the state at the hearing and by the exhibits admitted into evidence. Because the trial court considered all relevant factors (as all relevant factors were presented by the state and relied upon by the trial court in making its finding), any rational trier of fact could have concluded that there was clear and convincing evidence that Pearson is likely to engage in the future in one or more sexually oriented offenses. See State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541 (applying the sufficiency of the evidence standard). Thus, there was sufficient evidence to classify Pearson as a sexual predator.
 II {¶ 23} For his second assignment of error, Pearson contends that the trial court erred in classifying him as a sexual predator without considering or placing any of the factors on the record. The trial court in essence incorporated by reference the factors pursuant to R.C. 2950.09(B)(3) addressed by the state. The better practice is for the trial court to address the relevant factors that it considered in making its decision rather than just adopting the state's position.
 {¶ 24} In making its determination, the trial court is not required to list all criteria on the record; however, it is bound to consider all relevant factors so as to ensure "a fair and complete hearing for the offender." State v. Johnson, Cuyahoga App. No. 80736, 2002-Ohio-4031, ¶ 21. Upon review of the record, the trial court considered the relevant factors pursuant to R.C.2950.09(B)(3) and based its finding upon the victims' statements, which contained consistent "lying in wait" accounts from multiple boys ranging in ages 12 to 15, Pearson's prior criminal history, Pearson's institutional record, which reflected that Pearson had not completed all of the sexual rehabilitation programs, and the psychiatric evaluation, which diagnosed Pearson as a pedophile and placed him in the high risk category of those likely to reoffend. Because it is apparent that the trial court considered the relevant factors in making its determination that Pearson is a sexual predator, Pearson's second assignment of error is overruled.
 III {¶ 25} Finally, for his third assignment of error, Pearson maintains that R.C. 2950.01 et seq. violates both the United States and Ohio Constitutions because it is ex post facto and retroactive legislation. Pearson's third assignment of error is overruled, as the Ohio Supreme Court summarily held in State v.Cook, 83 Ohio St.3d 404, 405, 1998-Ohio-291, 700 N.E.2d 570, that "R.C. Chapter 2950 is neither impermissibly retroactive nor an ex post facto law."
 {¶ 26} The judgment is affirmed.
Judgment affirmed.
Cooney and Rocco, JJ., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.